**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **NOVOCRYPT LLC,**<br><br>       **Plaintiff,**<br><br>v.<br><br>**SYNOLOGY AMERICA CORP.,**<br><br>       **Defendant.** | **CIVIL ACTION NO. 2:15-cv-230**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Novocrypt LLC ("Plaintiff"), by and through its undersigned counsel, files this Original Complaint against Defendant Synology America Corp. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. This is a patent infringement action to stop Defendant's infringement of United States Patent No. 7,743,213 ("the '213 patent") entitled "Portable Storage Device With Network Function". A true and correct copy of the '213 Patent is attached hereto as Exhibit A. Plaintiff is the owner by assignment of the '213 patent. Plaintiff seeks injunctive relief and monetary damages.

**PARTIES**

2. Plaintiff is a limited liability company organized and existing under the laws of the State of Texas. Plaintiff maintains its principal place of business at 3401 Custer Road, Suite 125-A, Plano, Texas 75023.

3. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Washington, with its principal place of business at 13343 NE Bel-Red Road, Bellevue, Washington 98005. Defendant can be served with process through its registered agent, Cheen Liao at 13343 NE Bel-Red Road, Bellevue, Washington 98005.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant because: Defendant is present within or has minimum contacts within the State of Texas and the Eastern District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

6. More specifically, Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and the Eastern District of Texas including but not limited to the Accused Instrumentalities as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas. Defendant solicits and has solicited customers in the State of Texas and in the Eastern District of Texas. Defendant has paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use and have used the Defendants' products and services in the State of Texas and in the Eastern District of Texas.

7.     Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed acts of patent infringement in this district.

## **COUNT I– INFRINGEMENT OF U.S. PATENT 7,743,213**

8.     Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-7 above.

9.     The '213 patent was duly and legally issued by the United States Patent and Trademark Office on June 22, 2010, after full and fair examination. The '213 patent is in full force and effect. Plaintiff is the owner by assignment of the '213 patent and possesses all rights of recovery under the '213 patent, including the exclusive right to sue for infringement and recover past damages.

10.    Defendant owns, operates, advertises, controls, sells, and otherwise provides an Apparatus and/or system that infringes the '213 patent. The '213 patent provides, among other things claim 1, "A portable storage device with network function, comprising: (1) an interface unit for coupling to an electronic apparatus; (2) a network unit located within the portable storage device for linking with a remote network host; (3) a memory unit located within the portable storage device providing access of data and temporarily storing data received from the electronic apparatus; and (4) a processing unit located within the portable storage device that receives instructions form the electronic apparatus for controlling access of data between the memory unit and the electronic apparatus with data transmission via the interface unit, and access of data between the memory unit and a remote network host with data transmission via the network unit, wherein data is directly stored on the remote network host; (5) wherein the portable storage device with network function is removably coupled to said electronic apparatus, expanding storage capacity of the electronic apparatus."

Defendant directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale a portable storage device with network function that infringed one or more claims of the '213 patent in this district and elsewhere in the United States. Particularly, Defendant makes, uses, provides, offers for sale, and sells their product entitled Synology DiskStation DS214play, specifically the interface, processor, memory, and wireless communication means when used together, of the Synology DiskStation DS214play and other similarly situated Synology products ("Accused Instrumentality") which directly and/or indirectly infringes the '213 patent. Defendant has at least made and used the Accused Instrumentality in a manner which directly infringes the '213 patent, directly or through their agents for purposes of development, testing, quality assurance, deployment, and maintenance or otherwise.

11. Defendant also infringes under 35 U.S.C. § 271(b) by inducing infringement of the '213 patent in the State of Texas, literally or under the doctrine of equivalents, in this judicial district, and elsewhere in the United States, by, among other things, advising, encouraging, or otherwise inducing others to perform the steps claimed by the '213 patent to the injury of Plaintiff. Defendant actively instructs their customers to use the Accused Instrumentality in a way that infringes the '213 patent. Since at least the filing date of the Original Complaint, Defendant has had knowledge of the '213 patent, and by continuing the actions described herein, has had specific intent to induce infringement of the '213 patent pursuant to 35 U.S.C. § 271(b).

12. Specifically, Defendant advertises the Accused Instrumentality to its Customers, and instructs its Customers, such that when Defendant's Customers follow Defendant's instructions, each of said Customers necessarily own the device claimed in the '213 patent i.e. each of Defendant's Customers are direct infringers, including at least: claim 1 "A portable storage device with network function, comprising: (1) an interface unit for coupling to an

electronic apparatus; (2) a network unit located within the portable storage device for linking with a remote network host; (3) a memory unit located within the portable storage device providing access of data and temporarily storing data received from the electronic apparatus; and (4) a processing unit located within the portable storage device that receives instructions form the electronic apparatus for controlling access of data between the memory unit and the electronic apparatus with data transmission via the interface unit, and access of data between the memory unit and a remote network host with data transmission via the network unit, wherein data is directly stored on the remote network host; (5) wherein the portable storage device with network function is removably coupled to said electronic apparatus, expanding storage capacity of the electronic apparatus." Since at least the filing date of the Original Complaint, Defendant has had knowledge of the '213 patent pursuant to 35 U.S.C. § 271(c), and by continuing the actions described above, by continuing to sell the Accused Instrumentality and instruct their customers to use the Accused Instrumentality in an infringing manner, Defendant has had specific intent to induce infringement of the '213 patent pursuant to 35 U.S.C. § 271(b).

13. Defendant also infringes under 35 U.S.C. § 271(c) by contributing to infringement of the '213 patent in the State of Texas, literally or under the doctrine of equivalents, in this judicial district, and elsewhere in the United States, by, among other things, offering for sale, selling, or importing the Accused Instrumentality, and advising, encouraging, and contributing so that others can own the device claimed by the '213 patent to the injury of Plaintiff.

14. Specifically, Pursuant to 35 U.S.C. § 271(c), Defendant advertises, sells, and provides the Accused Instrumentality to its Customers, and instructs its Customers, such that when Defendant's Customers follow Defendant's instructions, each of said Customers necessarily own the device claimed in the '213 patent i.e. each of Defendant's Customers are

direct infringers, including at least: claim 1 "A portable storage device with network function, comprising: (1) an interface unit for coupling to an electronic apparatus; (2) a network unit located within the portable storage device for linking with a remote network host; (3) a memory unit located within the portable storage device providing access of data and temporarily storing data received from the electronic apparatus; and (4) a processing unit located within the portable storage device that receives instructions form the electronic apparatus for controlling access of data between the memory unit and the electronic apparatus with data transmission via the interface unit, and access of data between the memory unit and a remote network host with data transmission via the network unit, wherein data is directly stored on the remote network host; (5) wherein the portable storage device with network function is removably coupled to said electronic apparatus, expanding storage capacity of the electronic apparatus."

15. Additionally, The Accused Instrumentality is not a staple article or commodity of commerce suitable for substantial noninfringing use. Defendant advertises their product ("Accused Instrumentality") directing customers to use the product in an infringing manner while offering no other substantial noninfringing alternatives. When each of Defendant's customers use the Accused Instrumentality as Defendant has advertised, all elements necessary for direct infringement of the '213 patent have been completed or met. In fact, if a customer uses the Accused Instrumentality for any purpose for which it was intended, then the customer must directly infringe the '213 patent.

16. Defendant is willfully and intentionally infringing the '213 Patent from at least the date of the filing of the Original Complaint.

17. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

6

18. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

19. Defendant's infringement of Plaintiff's exclusive rights under the '213 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against the Defendant, and that the Court grant Plaintiff the following relief:

A. A judgment in favor of Plaintiff that Defendant has infringed one or more of the claims, directly, jointly and/or indirectly, by way of inducing and/or contributing to the infringement of the '213 patent;

B. A permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant and their officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '213 patent, or such other equitable relief the Court determines is warranted;

C. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment

interest;

D. That, should Defendant's acts of infringement be found to be willful from the time that Defendant became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest, that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

F. Any further relief that this Court deems just and proper.

Dated: February 18, 2015

Respectfully submitted,

By: */s/ Austin Hansley*
**AUSTIN HANSLEY P.L.L.C.**
Austin Hansley
Texas Bar No.: 24073081
Brandon LaPray
Texas Bar No.: 24087888
5050 Quorum Dr. Suite 700
Dallas, Texas 75254
Telephone: (469) 587-9776
Facsimile: (855) 347-6329
Email: Austin@TheTexasLawOffice.com
Email: Brandon@TheTexasLawOffice.com
www.TheTexasLawOffice.com
**ATTORNEYS FOR PLAINTIFF
NOVOCRYPT LLC**